# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

## CIVIL CASE NO. 3:07cv286

| | |
|---|---|
| EARL WRIGHT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| WELLS FARGO BANK and ) | |
| SCOTT HOLZMEISLER, ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on the Plaintiff's "Motion of Release" [Doc. 6]; the Plaintiff's "Mot[io]n of Default" [Doc. 9]; and the Plaintiff's "Motion of [sic] for V[io]lation" [Doc. 10].

**I.      Motion of Release**

The Plaintiff has filed a document entitled "Motion of Release," which appears to be directed to the Defendants Wells Fargo Bank and Scott Holzmeisler, and not the Court.  In this "motion," the Plaintiff appears to demand payment of $300,000 from the Defendants in order "[t]o resolve this issue, and to have me withdraw[] my[] compliant [sic]."  The Plaintiff's "Motion of Release" does not seek any affirmative action or relief from this Court, and

therefore, the Court does not deem this filing to constitute a motion. Accordingly, the Plaintiff's "Motion of Release" [Doc. 6] shall be **STRICKEN** from the record.

## II. Motion for Default

On September 10, 2007, the Plaintiff filed a "Mot[io]n of Default" against "Wells Fargo Bank" and "Scott Holtzman" [sic]. The motion is directed to the Defendants and states as follows: "Please be advise[d] you are in Default of a federal civil summons, you received on 8/13/07." For the reasons set forth herein, the Plaintiff's motion [Doc. 9] will be **DENIED**.

The Plaintiff, proceeding *pro se*, filed this action on July 19, 2007, against the Defendants Wells Fargo Bank and Scott Holzmeisler. [Doc. 1]. The Plaintiff moved to proceed *in forma pauperis* [Doc. 2], but the Court denied that motion on July 26, 2007, finding the Plaintiff's application to be incomplete. [Doc. 3]. The Plaintiff filed the required filing fee on August 8, 2007.

On August 8, 2007, two summonses were issued, directed to "CEO Wells Fargo Bank" and to "Current C.E.O. of Wells Fargo Bank," but not directed to either of the Defendants. On August 20, 2007, the Plaintiff filed a Return of Service [Doc. 7], indicating that service of the summonses and the

2

complaint was effected on August 13, 2007, by registered[1] mail sent to "Wells Fargo" at a post office box in Des Moines, Iowa. There is no evidence in the record that summons was issued to or served upon the defendant Scott Holzmeisler.

Upon carefully reviewing the record in this case, the Court finds that the Plaintiff's request for the entry of default is not warranted because no proper process has been issued to either Defendant and neither of the named Defendants has been properly served. With respect to the Defendant Scott Holzmeisler, the Court's record indicates that no summons was issued for this Defendant and, therefore, there was no proper process issued to be served pursuant to Rule 4(e) of the Federal Rules of Civil Procedure.

With respect to the Defendant Wells Fargo Bank, the Court finds that a summons directed to "CEO Weels Fargo Bank" and "Current CEO of Wells Fargo Bank" are not properly directed to Defendant Wells Fargo Bank. The Court also finds that this Defendant was not properly served. Rule 4(h) prescribes the manner in which a corporation may be served with service of process:

---

[1] The Return of Service indicates that service was by registered mail, while the Domestic Return Receipt indicates that service was by certified mail.

> Unless otherwise provided by federal law, service upon a domestic or foreign corporation or upon a partnership or other unincorporated association that is subject to suit under a common name, and from which a waiver of service has not been obtained and filed, shall be effected:
>
> (1) in a judicial district of the United States in the manner prescribed for individuals by subdivision (e)(1), or by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant . . . .

Fed. R. Civ. P. 4(h)(1). Rule 4(e)(1), which is referenced in Rule 4(h)(1), provides as follows:

> Unless otherwise provided by federal law, service upon an individual from whom a waiver has not been obtained and filed, other than an infant or an incompetent person, may be effected in any judicial district of the United States:
>
> (1) pursuant to the law of the state in which the district court is located, or in which service is effected, for the service of a summons upon the defendant in an action brought in the courts of general jurisdiction of the State . . . .

Fed. R. Civ. P. 4(e)(1). North Carolina law provides that a domestic or foreign corporation may be served:

> a. By delivering a copy of the summons and of the complaint to an officer, director, or managing agent of the corporation or by leaving the copies thereof in the office of such officer, director, or managing agent with the person who is apparently in charge of the office.

  b. By delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to be served or to accept service of process or by serving process upon such agent or the party in a manner specified by any statute.

  c. By mailing a copy of the summons and of the complaint, registered or certified mail, return receipt requested, addressed to the officer, director or agent to be served as specified in paragraphs a and b.

  d. By depositing with a designated delivery service authorized pursuant to 26 U.S.C. § 7502(f)(2) a copy of the summons and complaint, addressed to the officer, director, or agent to be served as specified in paragraphs a and b., delivering to the addressee, and obtaining a delivery receipt.

N.C. Gen. Stat. §1A-1, Rule 4(j)(6).

In the present case, the Plaintiff has failed to effect service on the Defendant Wells Fargo Bank in accordance with Fed. R. Civ. P. 4(h). The Plaintiff failed to "deliver[ ] a copy of the summons and of the complaint" to an officer, managing agent, general agent or other authorized agent as required by Fed. R. Civ. P. 4(h)(1). Nor has the Plaintiff properly served the Defendant Wells Fargo Bank in accordance with North Carolina law, as permitted by Fed. R. Civ. P. 4(e)(1). While "the court should allow a *pro se* litigant a certain amount of lenity that is not afforded to represented parties, . . . the rules are there to be followed, and plain requirements for the means of effecting service of process may not be ignored." McCreary v. Vaughan-

Bassett Furniture Co., 412 F. Supp. 2d 535, 537 (M.D.N.C. 2005) (report and recommendation adopted Jan. 26, 2006). Because the Plaintiff failed to effect proper service or proper process on the Defendants, the Plaintiff's motion [Doc. 9] seeking the entry of default against these Defendants is not well-taken and is therefore **DENIED**.

Pursuant to Fed. R. Civ. P. 4(m), service of the summons and complaint must be made on each defendant within 120 days of the filing of the complaint. If service is not effected within 120 days, Rule 4(m) provides that "the court, ... on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant ... provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m).

The Plaintiff filed this action on July 19, 2007; therefore, the Plaintiff has until **November 16, 2007** to effect service of the summons and complaint on each of the Defendants in this case. The Plaintiff is hereby put on notice that, if service is not made by November 16, 2007, the Plaintiff's Complaint shall be dismissed without prejudice, unless the Plaintiff shows, in writing, good cause why the time for service should be extended.

## III. Motion for Violation

In his Complaint, the Plaintiff essentially alleges that the Defendant Wells Fargo Bank has wrongfully attempted to foreclose on the Plaintiff's home based upon an argument that the Plaintiff is not indebted to Wells Fargo Bank. In the "Motion of [sic] for V[io]lation," the Plaintiff again asserts that the Plaintiff's loan does not belong to the Defendant Wells Fargo Bank, and he asks the Court to "check the Department of Records and Deeds, Recorded Liens" to verify this. The Plaintiff further asks the Court to "check [his] evidence," which he contends shows that Wells Fargo Bank "sold their right to collect to the debt" to another entity. In support of this motion, the Plaintiff attaches a letter dated December 4, 2006, from OCWEN Loan Servicing to the Plaintiff. The Plaintiff further states that "[b]y allowing this foreclosure this Court will be part of the felony, and grand theft, along with Wells Fargo Bank." The Plaintiff further asks the Court to "[p]lease transferr [sic] this case to the federal courts."

The Plaintiff's motion, and the deficiencies in the other pleadings discussed in this Order, illustrate the problems inherent in the representation of oneself. The Plaintiff is clearly unacquainted with the governing rules of procedure and the applicable substantive law. The Court advises the Plaintiff

7

that it is not the duty of the Court to check records or to otherwise attempt to verify the Plaintiff's claims. Rather, it is the duty of the litigants to present evidence to the Court, in admissible form and by proper motion, setting forth cogent facts and legal theories upon which relief may be granted. The Plaintiff has failed to do either in this case. The Plaintiff's "Motion of [sic] for V[io]lation" [Doc. 10] is **DENIED**.

## IV. Conclusion

Although the Plaintiff has the right to proceed *pro se* in this litigation, the filings addressed herein demonstrate that the Plaintiff is unfamiliar with the rules and procedures of this Court. For these reasons, the Court strongly urges the Plaintiff to seek legal representation. If the Plaintiff chooses to continue representing himself in this matter, the Plaintiff is admonished that he will be expected to comply with the Federal Rules of Civil Procedure, as well as the Local Rules of this Court, and that failure to comply with these rules may subject the Plaintiff to sanctions, up to and including the dismissal of this lawsuit.

For the foregoing reasons, the Plaintiff's "Motion of Release" [Doc. 6] is **STRICKEN**; the Plaintiff's "Mot[io]n of Default" [Doc. 9] is **DENIED**; and the Plaintiff's "Motion of [sic] for V[io]lation" [Doc. 10] is **DENIED**.

**IT IS SO ORDERED**.

Signed: October 16, 2007

Martin Reidinger
United States District Judge